Gary E. Glass appeals from a judgment as a matter of law entered at the conclusion of his case-in-chief during the jury trial of his action against Birmingham Southern Railroad Company ("BSRC"), alleging violations of the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. ("the FELA"); he alleges he injured his spine while he and a coworker were manually moving a "rack" they were fabricating for BSRC. We reverse and remand.
This is the second time this case has come before us. The facts and procedural background were thoroughly set forth in Glassv. Birmingham Southern Railroad Co., 905 So.2d 789
(Ala. 2004) ("Glass I"), and will not be unnecessarily repeated here. In Glass I, we reversed a summary judgment for BSRC, holding that Glass had presented substantial evidence creating genuine issues of material fact as to his claim of negligence and the element of causation.905 So.2d at 795-96.
During the trial of the case, BSRC moved for a judgment as a matter of law ("JML"), challenging, once again, the sufficiency of the evidence of negligence and causation. The trial court granted BSRC's motion and entered a JML for BSRC. Glass appealed, presenting the identical issues we decided inGlass I.
On the issue of negligence, we said in Glass I, in pertinent part:
 "While the existence and scope of an employer's duty can be determined as a matter of law, the broader question of negligence is generally better left to determination by a jury. Wilkerson v. McCarthy, 336 U.S. 53, 61, 69 S.Ct. 413, 93 L.Ed. 497 (1949). Numerous factors must often be accounted for in determining whether a defendant has breached its duty of care to a plaintiff. As the United States Supreme Court has noted in a FELA case,
 "`The debatable quality of that issue, the fact that fair-minded men might reach different conclusions, emphasize the appropriateness of leaving the question to the jury. The jury is the tribunal under our legal system to decide that type of issue. . . . To withdraw such a question from the jury is to usurp its functions.'
 "Bailey [v. Central Vermont Ry.], 319 U.S. [350], 353-54, 63 S.Ct. 1062 [(1943)]. For this reason, only when `one would have to infer from no evidence at all' that the defendant breached its duty can a court take the question from the jury and enter a judgment as a matter of law for the defendant. Moore v. Chesapeake Ohio Ry., 340 U.S. 573, 577, 71 S.Ct. 428, 95 L.Ed. 547 (1951).
 "In this case, we simply cannot find a complete absence of evidence indicating a breach of BSRC's duty. Glass has presented substantial evidence indicating that the rack was so heavy that a crane was necessary for most of its manipulations. He has presented substantial evidence indicating that he and one *Page 506 
coworker had to put all of their effort into `teetering' the rack. And he has presented substantial evidence indicating that, although the crane was nearby at all times, he was often unable to use the crane [to perform this `teetering' operation]. . . .
 "Because Glass has presented substantial evidence creating a genuine issue of material fact as to whether BSRC breached its duties, this sort of inquiry is best left to a jury."
905 So.2d at 795 (emphasis added).
On the issue of causation, we noted that Glass had presented the deposition testimony of Dr. Stan Faulkner, one of his treating physicians, who opined that "Glass's act of `teetering' the rack probably caused the injury" to his spine.905 So.2d at 792 (emphasis added). With that testimony in view, we stated, in pertinent part:
 "In its motion for a summary judgment, BSRC argued that Glass had failed to present substantial evidence of causation. BSRC offered two reasons for this conclusion. First, BSRC contended that no evidence existed tending to show that Glass's injury was caused by any negligence on BSRC's part. Second, BSRC argued that Glass's 1999 injury was `caused by and [was] a continuation of' degenerative disk disease, with which Glass had been diagnosed in 1997.
 "Eschewing a traditional proximate-cause analysis, the FELA embraces an extremely broad standard of causation. The statutorily prescribed inquiry asks whether the employee's injury or death resulted `in whole or in part' from the employer's negligence. 45 U.S.C. § 51. As the United States Supreme Court has explained this concept, a jury question is presented if `employer negligence played any part, even the slightest, in producing the injury or death.' Rogers [v. Missouri Pacific R.R.], 352 U.S. [500,] 506, 77 S.Ct. 443 [(1957)].
 ". . . .
 "In this case, it is, of course, debatable whether BSRC's negligence, if any, caused Glass's injury. If BSRC was in fact negligent, reasonable people could disagree about whether its negligence caused Glass's herniated disk. . . . Under the broad notion of causation that applies in a FELA action, . . . BSRC's negligence, if any, can . . . fairly be characterized as having caused Glass's 1999 injury.
 "Under such a broad standard, we hold that Glass has presented substantial evidence indicating that there exists a genuine issue of material fact as to 1) whether BSRC's negligence, if any, played a part (however remote) in causing Glass's injury or 2) whether Glass's injury was instead caused by [a] degenerative disk disease."
905 So.2d at 795-96 (emphasis added).
The de novo "standard by which we review a ruling on a motion for a JML is `"materially indistinguishable from the standard by which we review a summary judgment."'" Baileyv. Faulkner, 940 So.2d 247, 249 (Ala. 2006) (quotingFlint Constr. Co. v. Hall, 904 So.2d 236, 246
(Ala. 2004), quoting in turn Hathcock v. Wood,815 So.2d 502, 506 (Ala. 2001)). Moreover, the evidence produced at trial differed in no relevant respect from the evidence before this Court on review of the summary judgment in Glass I. Dr. Faulkner's deposition was read to the jury, and Glass testified that he was instructed by his supervisor to "manhandle" the racks and to "push [them] over by hand," rather than use the crane.
Thus, applying the same standard of review to the same essential facts presented in Glass I, we hold here, as we did *Page 507 
there, that jury questions were presented as to Glass's claim of negligence and the element of causation. The trial court erred in entering a JML for BSRC. That judgment is, therefore, reversed, and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
COBB, C.J., and SEE, LYONS, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.